**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NOBILIS HEALTH CORP., *et al.*,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 19-12264 (CSS)<br><br>(Jointly Administered) |
| Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estate of Nobilis Health Corp. *et al*.<br><br>Plaintiff,<br>v.<br><br>Berkeley Research Group, LLC<br><br>Defendant. | Adv. No. 21- |

**COMPLAINT TO AVOID TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547 AND 548, RECOVER PROPERTY PURSUANT**
**TO 11 U.S.C. § 550 AND DISALLOW CLAIMS UNDER 11 U.S.C. §502**

Plaintiff, Alfred T. Giuliano, chapter 7 trustee for the bankruptcy estate of Nobilis Health Corp. *et al* (the "Debtors"), (hereinafter referred to as the "Plaintiff") by his undersigned attorneys, in support of this complaint (the "Complaint") hereby alleges upon information and belief as follows:

[1] The Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263 and Nobilis Health Corp., Case No. 19-12264.

## NATURE OF THE CASE

1. This Complaint seeks to avoid and recover from the above-named Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of the Defendant by the Debtors during the ninety (90) day period prior to the filing of the Debtors' bankruptcy petition, pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, the Plaintiff also seeks to avoid and recover, pursuant to 11 U.S.C. §§ 548 and 550, any fraudulent transfers that the Defendant may have received. If the Defendant has filed a proof of claim or has otherwise requested payment from the Debtors or the Debtors' estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j), and such rights are expressly reserved. Notwithstanding this reservation of rights, the Plaintiff may seek certain relief pursuant to 11 U.S.C. § 502 as further stated below.

## JURISDICTION

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding, which arises under title 11 of the United States Code, and arises in, and is related to, the above-captioned jointly administered bankruptcy cases pending before the Court at case No. 19-12264 (CSS). Therefore, the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The causes of action set forth herein concern the determination, allowance, and amount of claims pursuant to 11 U.S.C. §§ 502, 547, 548 and 550, and, as such, constitute "core" proceedings to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1408.

## BACKGROUND

4. On October 21, 2019 (the "Petition Date"), the Debtors filed voluntary petitions with the Court for relief under chapter 7 of the Bankruptcy Code (the "Bankruptcy Case").

5. On or around the Petition Date, the Plaintiff was appointed as the trustee of the Debtors' estates.

6. Plaintiff, based on information and belief, alleges that Berkeley Research Group, LLC (the "Defendant") is a corporation, partnership, other incorporated association, or individual that may be served with process in this action by mailing first class mail, postage prepaid, a true and correct copy of this Complaint and Summons pursuant to Federal Rule of Bankruptcy Procedure 7004(b). Also, Plaintiff, based on information and belief, alleges that Defendant is consulting firm.

7. Prior to filing for bankruptcy, the Debtors were a full-service healthcare development and management company, with more than thirty locations across Texas and Arizona, including hospitals, ambulatory surgery centers, and multi-specialty clinics. The Debtors regularly purchased goods and services from numerous entities, and regularly paid for such goods and services.

8. On or within 90 days before the Petition Date, that is between July 23, 2019 and October 21, 2019 (the "Preference Period"), the Debtor continued operations, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise to certain entities, including the Defendant.

9. During the course of the Debtors' operations, the Debtors and the Defendant entered into agreements for goods and/or services evidenced by invoices, communications, and other documents (collectively, the "Agreements"). The descriptions of the Agreements paid for during the Preference Period are set forth on the statement(s) of account (the "Statement(s) of Account") which is/are attached hereto, incorporated herein, and marked as Exhibit "A." Such details include the Payment Date, the Clear Date, and the Payment Amount.

10. The Plaintiff and his accountants have completed a review and an analysis of information of the Debtor contained within the Debtors' available books and records, and the Plaintiff is seeking to avoid the transfers of an interest of the Debtors' property made by the Debtors to the Defendant within the Preference Period.

11. The Plaintiff has determined that the Debtors made transfers to the Defendant during the Preference Period in a total amount of not less than $311,369.40 (hereinafter collectively referred to as the "Transfers") directly to, or for the benefit of, the Defendant. The details of each of the Transfers are set forth on the Statement of Account, which is attached hereto and incorporated herein as Exhibit "A."

12. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is the Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of the Defendant or any other transferee. The Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, and/or (iii) additional defendants (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary

proceeding, through formal discovery or otherwise, and to request that the Amendments to relate back to this original Complaint.

13. Prior to initiating this Complaint, the Plaintiff and his accountants have reviewed the potential availability of the Defendant's affirmative defenses that may be available to it pursuant to 11 U.S.C. § 547(c). The Plaintiff, after conducting reasonable due diligence based upon the information available to him at the time, has determined that the Defendant remains liable to the Debtor's estate after the application of such affirmative defenses.

## CLAIMS FOR RELIEF

### COUNT I
### (AVOIDANCE OF PREFERENCE PERIOD TRANSFERS - 11 U.S.C. § 547)

14. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

15. Each Transfer was made to the Defendant by debtor, Northstar Healthcare Acquisitions, LLC (the "Transferor").

16. Each Transfer constituted a transfer of an interest in property of the Debtor.

17. During the Preference Period, the Defendant was a creditor at the time of each Transfer by virtue of its provision to the Transferor of the goods and services identified in the Agreements for which Debtor was obligated to pay following delivery, in accordance with the Agreements. See Exhibit "A."

18. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1), because each Transfer either reduced or fully satisfied a debt or debts then owed by the Transferor to the Defendant as identified on Exhibit "A."

19. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Transferor to the Defendant before such Transfers were made, as asserted by the Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Transferor.

20. Each Transfer was made while the Transferor was insolvent. The Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

21. Each Transfer was made during the Preference Period. See Exhibit "A."

22. As a result of each Transfer, the Defendant received more than the Defendant would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of its debts under the provisions of the Bankruptcy Code. The Debtors liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims against the Debtors.

23. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(A)(1)(B))**

24. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

25. Subject to proof, the Plaintiff pleads in the alternative that one or more of the Transfers were not made on account of an antecedent debt owed by the Debtors, or were

prepayments for goods subsequently received, the Debtors did not receive reasonably equivalent value in exchange for such Transfer(s) (the "Potentially Fraudulent Transfers").

26. The Debtors: (i) were insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s) or (ii) the Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors were an unreasonably small capital, or (iii) the Debtors intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as such debts matured.

27. The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

**COUNT III**
**(RECOVERY OF AVOIDED TRANSFERS - 11 U.S.C. § 550)**

28. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

29. The Plaintiff is entitled to avoid the above-described Transfers and Potentially Fraudulent Transfers pursuant to 11 U.S.C. §§ 547(b) and 548.

30. The Defendant was the initial transferee of the Transfers and Potentially Fraudulent Transfers, or the immediate or mediate transferee of such initial transferee, or was the person for whose benefit the Transfers were made.

31. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant all Transfers and Potentially Fraudulent Transfers, plus interest thereon to the date of payment and the costs of this action.

**COUNT IV**
**(DISALLOWANCE OF ALL CLAIMS - 11 U.S.C. § 502(D) AND (J))**

32. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

33. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

34. The Defendant is a transferee of the above described Transfers and Potentially Fraudulent Transfers, which are avoidable under 11 U.S.C. §§ 547 and 548.

35. The Defendant has not paid the amount of the Transfers and Potentially Fraudulent Transfers, or turned over such property, for which the Defendant is liable under 11 U.S.C. § 550.

36. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant, and/or its assignees, against the Debtor's Estate or the Plaintiff must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the avoidable and/or recoverable Transfers and Potentially Fraudulent Transfers, plus interest thereon and costs.

37. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignees, against the Debtor's Estate or the Plaintiff previously allowed must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the avoidable and/or recoverable Transfers and Potentially Fraudulent Transfers, plus interest thereon and costs.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order providing the following relief against the Defendant:

(a) That the Transfers and Potentially Fraudulent Transfers be avoided under 11 U.S.C. §§ 547 and 548, in the total amount of $311,369.40, and judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $311,369.40 plus costs;

(b) That all Transfers and Potentially Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and 548 be recovered by the Plaintiff pursuant to 11 U.S.C. § 550;

(c) That any Claims held by the Defendant and/or its assignee be disallowed until the Defendant satisfies the judgment being granted in this action, in accordance with 11 U.S.C. § 502(d) and (j);

(d) That pre-judgment interest be awarded at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

(e) That post-judgment interest be awarded at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

(f) That the Defendant be required to pay forthwith the judgment amount awarded in favor of the Plaintiff; and

(g) That the Plaintiff be granted such other and further relief as the Court deems just and proper.

**FLASTER/GREENBERG P.C.**

Dated: October 20, 2021

*/s/ Damien Nicholas Tancredi*
Damien Nicholas Tancredi, Esquire (DE 5395)
1007 North Orange Street
Suite 400
Wilmington, DE 19801
(302) 351-1910
damien.tancredi@flastergreenberg.com

*Special Counsel to Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estate of Nobilis Health Corp. et al.*