# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| NOBILIS HEALTH CORP., *et al.*,[1] ) | |
| ) | Case No. 19-12264 (CTG) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| Alfred T. Giuliano, Chapter 7 Trustee for the ) | |
| Bankruptcy Estate of Nobilis Health Corp., *et al.*, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 21-51186 (CTG) |
| ) | |
| v. ) | **Related Adv. D.I. 1** |
| ) | |
| Berkeley Research Group, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 548, RECOVER PROPERTY PURSUANT TO 11 U.S.C. § 550 AND <u>DISALLOW CLAIMS UNDER 11 U.S.C. § 502</u>

Defendant Berkeley Research Group, LLC ("<u>BRG</u>"), by and through its undersigned counsel, hereby answers the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 548, Recover Property Pursuant to 11 U.S.C. § 550 and Disallow Claims Under 11 U.S.C. § 502* [Adv. D.I. 1] (the "<u>Complaint</u>") and asserts affirmative defenses as follows:

## NATURE OF THE CASE

1. BRG lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint; accordingly, BRG denies such allegations.

---

[1] The Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263 and Nobilis Health Corp., Case No. 19-12264.

**JURISDICTION AND VENUE**

2.      The allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 2 of the Complaint. Pursuant to Local Rule 7012-1, BRG does not consent to the entry of final orders or judgments by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 3 of the Complaint.

**BACKGROUND**

4.      BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 4 of the Complaint; accordingly, BRG denies such allegations.

5.      BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 5 of the Complaint; accordingly, BRG denies such allegations.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 6 of the Complaint. BRG admits that BRG is a consulting firm.

7.      BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 7 of the Complaint; accordingly, BRG denies such allegations.

8.      BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 8 of the Complaint; accordingly, BRG denies such allegations.

9.      BRG denies the allegations in paragraph 9 of the Complaint.

10. BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 10 of the Complaint; accordingly, BRG denies such allegations.

11. BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 11 of the Complaint. With respect to the allegations in paragraph 11 of the Complaint, BRG admits solely that Defendant received payments related to the Debtors during the Preference Period in the total amount $311,369.40. BRG denies all other allegations set forth in paragraph 11.

12. BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 12 of the Complaint; accordingly, BRG denies such allegations.

13. BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 13 of the Complaint; accordingly, BRG denies such allegations. BRG further states that it has valid and absolute affirmative defenses to the allegations set forth in the Complaint.

## **CLAIMS FOR RELIEF**

### COUNT I
### (AVOIDANCE OF PREFERENCE PERIOD TRANSFERS – 11 U.S.C. § 547)

14. No response is required to the allegations in paragraph 14 of the Complaint. To the extent that a response is required, BRG incorporates its responses to the allegations in paragraphs 1 through 13 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 15 of the Complaint.

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 16 of the Complaint.

17. BRG denies the allegations in paragraph 17 of the Complaint.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 19 of the Complaint.

20. BRG states that it lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 20 of the Complaint; accordingly, BRG denies such allegations.

21. BRG admits the allegations in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 23 of the Complaint.

### COUNT II
### (TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B))

24. No response is required to the allegations in paragraph 24 of the Complaint. To the extent that a response is required, BRG incorporates its responses to the allegations in paragraphs 1 through 23 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 27 of the Complaint.

## COUNT III
### (RECOVERY OF AVOIDED TRANSFERS – 11 U.S.C. § 550)

28. No response is required to the allegations in paragraph 28 of the Complaint. To the extent that a response is required, BRG incorporates its responses to the allegations in paragraphs 1 through 27 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 31 of the Complaint.

## COUNT IV
## (DISALLOWANCE OF ALL CLAIMS – 11 U.S.C. § 502(d) AND (j))

32. No response is required to the allegations in paragraph 32 of the Complaint. To the extent that a response is required, BRG incorporates its responses to the allegations in paragraphs 1 through 31 of the Complaint.

33. BRG was not a creditor of any Debtor. Accordingly, BRG never filed, nor could it file, a proof of claim in any of the Debtors' cases. The Debtors owed no antecedent obligation to BRG. The allegations contained in paragraph 33 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are legal conclusions to which no response is necessary. To the extent that a response is required, BRG denies the allegations in paragraph 37 of the Complaint.

**AFFIRMATIVE DEFENSES**

BRG generally denies any liability to the Plaintiff and incorporates its answers and responses to the allegations in the Complaint as though set forth at length below. In addition, BRG asserts the following affirmative defenses:

1. All alleged preferential transfers, if any, were made in the ordinary course of business or financial affairs of the Debtors to BBVA USA f/k/a Compass Bank ("BBVA"), predecessor in interest to PNC Bank, National Association, in its capacity as administrative agent and superpriority agent for itself and the lenders (the "Lenders"), and BRG and made according to ordinary business terms.

2. All alleged preferential transfers, if any, were intended by the Debtors, BRG, and BBVA and the Lenders party to certain secured credit facilities with the Debtors, to be substantially contemporaneous exchanges.

3. BRG is a financial advisor and consultant to BBVA's counsel. BBVA was a secured creditor of the Debtors at all times during the preference period. In accordance with certain agreements among the parties, the Debtors agreed to and did make payments to or for the benefit of BBVA. The alleged preferential transfers to BRG are alleged to be for the benefit of BBVA. As illustrated below, BBVA gave new value to or for the benefit of the Debtors subsequent to each alleged preferential transfer, the sum of which new value far exceeds the sum of the alleged preferential transfers as follows:

| Date | Transfer | New Value (from BBVA to Receiver) | Impact |
|---|---|---|---|
| 6/25/2019 | $88,584.75 | | $88,584.75 |
| 8/5/2019 | $86,208.75 | | $174,793.50 |
| 8/29/2019 | $100,026.90 | | $274,820.40 |
| 9/20/2019 | $36,549.00 | | $311,369.40 |
| 10/3/2019 | | $273,536.00 | $37,833.40 |
| 10/7/2019 | | $576,350.00 | ($538,516.60) |
| 10/11/2019 | | $627,556.00 | ($1,166,072.60) |

4. The Debtors were not rendered insolvent as a result of the alleged preferential transfers.

5. At no point in time was BRG a creditor of the Debtors or their estates.

6. The Debtors did not make the alleged preferential transfers for or on account of an antecedent debt owed by the Debtors to BRG before such transfers were made.

7. The alleged preferential transfers are not avoidable transfers by virtue of the earmarking doctrine; to wit: the alleged transfers were funded by BBVA from BBVA's property to or for the benefit of the Debtors according to a budget. Such budget reflected payments to BRG, thereby rendering such funds not property of the Debtors.

8. The alleged preferential transfers to BRG did not enable BBVA to receive more than it would have received upon a liquidation of the Debtors' estates.

9. The alleged preferential transfers to BRG did not enable BRG to receive more than it would have received upon a liquidation of the Debtors' estates.

10. The alleged preferential transfers do not constitute avoidable conveyances or transfers under applicable law.

11. The alleged fraudulent conveyances do not constitute fraudulent conveyances or transfers under applicable law because such transfers were for reasonably equivalent consideration of a dollar-for-dollar reduction in debt. The secured debt comprised unpaid principal, accrued but unpaid interest, BBVA's attorneys' fees, costs, and expenses, and its attorneys' financial advisory fees. Reductions of secured debt do not constitute fraudulent conveyances.

12. The Debtors made each of the alleged preferential transfers from collateral proceeds of BBVA's collateral, reducing the Debtors' secured indebtedness owing to BBVA. The receipt of a party's own collateral proceeds does not constitute a preference under operative law because such transfers of secured parties' collateral do not permit the transferee to receive more than it would have received had the transfers not been made.

13. The Complaint is barred by laches.

14. The Complaint is barred by the equitable doctrine of unclean hands.

15. The Complaint is barred by the doctrine of waiver.

16. The Complaint fails to state a claim upon which relief can be granted.

17. The Complaint should be dismissed for failure to prosecute.

## RESERVATION OF RIGHTS

BRG expressly reserves the right to amend this Answer and Affirmative Defenses by way of adding affirmative defenses or allegations relevant thereto, counterclaims, cross-claims, or third-party claims as additional facts are obtained through further investigation and discovery.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, BRG respectfully requests that judgment be entered in favor of BRG and against the Plaintiff on all counts of the Complaint, and that BRG be awarded its costs and expenses, including attorneys' fees, together with such other and further relief as the Court deems just and proper.

Dated: January 6, 2023
Wilmington, Delaware

**DLA PIPER LLP (US)**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE No. 4050)
Matthew S. Sarna (DE No. 6578)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801
Tel: (302) 468-5700
Fax: (302) 397-2336
Email: stuart.brown@us.dlapiper.com
matthew.sarna@us.dlapiper.com

*Attorneys for Berkeley Research Group, LLC*